STATE OF NEW JERSEY, EX REL. THE JERSEY LAND COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, RELATOR, v. CITY OF EAST ORANGE, A MUNICIPAL CORPORATION, AND JOHN G. SCOTT, BUILDING INSPECTOR OF THE CITY OF EAST ORANGE, RESPONDENTS.

Submitted January 30, 1926—Decided May 13, 1926.

**Zoning—Building Prohibited by the Zoning Ordinance—Case Within Ignaciunas v. Risley—Writ Awarded.**

On rule to show cause why a *mandamus* should not issue.

Before Justices TRENCHARD and KATZENBACH.

For the relator, *Thomas Brunetto.*

For the respondents, *Walter C. Ellis.*

PER CURIAM.

This is a rule to show cause why a peremptory or alternative writ of *mandamus* should not issue commanding the city of East Orange and the building inspector thereof to issue a permit to the relator to build and erect a two-story brick building upon the lot No. 97 Harrison street, in East Orange.

The case comes up on an agreed state of facts, and it thereby appears that there is no sufficient reason for the refusal of the permit.

It appears that the refusal of a permit was grounded upon the fact that the relator's proposed building was to contain stores and apartments, and the land in question was zoned against such a building by ordinance, it being in what is described as the "large volume residence district."

The state of facts discloses plainly that the provision of the ordinance in question is ineffective to bar the relator's

building. Such, we think, is the undoubted effect of the case of *Ignaciunas* v. *Risley,* 98 *N. J. L.* 712; *affirmed,* 99 *Id.* 389, there being no relation at all between the provisions in question and public health, safety and general welfare.

A peremptory writ of *mandamus* will be awarded.